UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LUCY FONSECA** <br> **Plaintiff** | * | CIVIL ACTION: 20-1242 |
| V. | * | JUDGE: |
| **STANDARD INSURANCE COMPANY** <br> **Defendant** | * | MAG: |

## COMPLAINT

1. Plaintiff, Lucy Fonseca ("Fonseca") or ("Plaintiff"), brings this action against Defendant, Standard Insurance Company ("Standard") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by her former employer, Zachry Holdings, Inc.

2. Standard reviewed claims for benefits under the Plan.

3. This Complaint challenges the Defendant's: 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Fonseca's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Fonseca's eligibility for said benefits; and 3) failure to provide a reasonable claims procedure that would yield a decision on the merits of Fonseca's claim.

4. Fonseca is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's

breach of its ERISA obligations took place in this district.

6. Fonseca is domiciled in St. Charles Parish, Louisiana. She has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant has its principle place of business in Oregon.

8. Fonseca is disabled from her own occupation, a heavy physical demand level occupation, and she is totally disabled and unable to work in any occupation. She is disabled due to psoriatic arthritis, alopecia, photosensitivity, fibromyalgia, depression, anxiety, and migraines. Standard denied Fonseca's application for benefits, holding that some of her conditions were pre-existing per the terms of the plan and some were non-disabling.

9. Standard erred as there was no formal diagnosis of any disabling conditions during the "look-back" period. Also, those conditions Standard did not find to be pre-existing are in themselves disabling.

10. Fonseca has exhausted administrative remedies pursuant to 29 C.F.R. 2560.503.

11. Defendant failed to provide Fonseca with a full and fair review of her claim for benefits.

12. Any discretion to which Defendant may claim it is entitled under the Plan is negated by its failure to provide the Plaintiff with an explanation as to its adverse action, failure to provide full and fair review of her claim for benefits, and failure to complete reviews within the time frame specified by the Code of Federal Regulations.

13. The Defendant was motivated by its financial conflict of interest when it denied Fonseca's claim for benefits.

14. The decision to deny Fonseca's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

15.     Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost her rightful long- term disability benefits.

16.     Fonseca has also suffered emotional distress and an exacerbation of her physical condition as a result of Defendant's actions.

17.      Having exhausted the administrative procedures provided by the Defendant, Fonseca now brings this action.

## FIRST CAUSE OF ACTION

### (Enforcement of Terms of Plan and Action for Unpaid Benefits)

18.     Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

19.      The Plan is a contract.

20.     Fonseca has performed all her obligations under the contract.

21.      29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

a.  by a participant or beneficiary –

i.  For the relief provided for in subsection (c) of this section, or

ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

22.     The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

23.     Defendant unlawfully denied Fonseca's benefits in part by: (1) rejecting the substantial

evidence supporting Plaintiff's claim; and (2) denying Fonseca a full and fair review of the decision to deny her benefits.

24. In accordance with 29 U.S.C. §1132, Fonseca is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability.

25. The Defendant has refused to provide Fonseca with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

26. As a direct and proximate result of this breach, Fonseca has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

### (Attorneys' Fees and Costs)

27. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

28. Under the standards applicable to ERISA, Fonseca deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

29. Defendant has the ability to satisfy the award.

30. Defendant acted in bad faith in denying Fonseca' benefits under the Plan.

31. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

32. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

d. Award Plaintiff the costs of this action and reasonable attorneys' fees;

e. Declare, adjudge, and decree that Defendant has no right of reimbursement or set-off under the language of the Plan and the facts and circumstances of this case; and

f. Award such other relief as the Court deems just and reasonable.

    Respectfully submitted,

    THE PELLEGRIN FIRM, L.L.C.

    /s/ David C. Pellegrin, Jr.
    DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
    3500 North Hullen Street
    Suite 17D
    Metairie, LA 70002
    dpellegrin@pellegrinfirm.com
    Phone: 504-405-3245
    Fax: 1-866-651-8738